## Erie Bank *against* Brawley.

A writ of error will not lie to reverse the order of a court, setting aside a rule of reference and award of arbitrators; the legality of such order can only be reviewed after the final decision of the cause; and if erroneous, the award, with all its consequences, will then be restored.

ERROR to the common pleas of *Erie* county.

The Erie Bank against John Brawley. This was a *scire facias* upon a recognizance entered into by the defendant, as bail of Wm. L. Hall and others, for a stay of execution upon a judgment, The plaintiff entered a rule of reference; the arbitrators were chosen; met, and made a report in favour of the plaintiff for 5295 dollars 37 cents.

The court set aside the reference and award, on the ground that the cause of action was not the subject of the arbitration law, but was excluded by the thirty-ninth section of the act of 1836.

*Riddle,* for plaintiff in error, referred to the act of 1836, and cited 3 *Penn. Rep.* 396; 11 *Serg. & Rawle* 197; 2 *Rawle* 341; 1 *Rawle* 457; 16 *Serg. & Rawle* 244; 3 *Watts* 176.

*Babbit* and *Galbraith, contra,* contended that the thirty-ninth section of the act of 1834, expressly excluded an action upon a recognizance, from the operation of the act.

PER CURIAM.—As the cause was not ended by setting aside the award, the writ of error issued improvidently. In Straub *v.* Smith, 2 *Serg. & Rawle* 382, it was ruled that error lies not while the cause is pending, though subsequent to the quashing of an appeal from an award of arbitrators; but it is argued here, that by setting aside the award itself, the plaintiff has lost the benefit of his lien, while in that case it remained a security, to the extent of its amount, for what should ultimately be found due. This is the difference; and what does it amount to? In that case, the award might have been as entirely discharged by the verdict, as it could be by being set aside; and the injury to be corrected in this, differs but in the degree. But it is inaccurate to say, the plaintiff will lose the benefit of his lien, should the award hereafter be found to have been erroneously set aside. In both cases, the advantage gained by the award might be destroyed by what, though produced by opposite means, is substantially the same injury—the sending of the cause improperly to a jury. In such a case what is to be done?

[Erie Bank v. Brawley.]

" When the court of common pleas has proceeded to final judg-
ment," it was said in Straub *v.* Smith, *" the whole proceedings*
may be reviewed on a writ of error." And to what end? Un-
doubtedly to carry back the work of correction to the point where
error began, and to put the party in *statu quo,* by reversing the
final judgment of the common pleas, with its order to set the award
aside, or allow an appeal, and to affirm the judgment of the arbi-
trators, which, by the letter of the statute, is to be a lien till it is
reversed *by appeal.*

Writ of error quashed.

NOTE.—At this term, the very same point arose, and received the
same decision, in the case of Bartholomew *v.* Hall, on a writ of
error to Warren county.